UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MARCO GUZMAN, | Case No. 3:17-cv-00515-HDM-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ATTORNEY GENERAL, *et al.*, | |
| Respondents. | |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Marco Guzman, a Nevada prisoner. The Court appointed counsel for Guzman, and, with counsel, Guzman filed a first amended habeas petition on April 2, 2018 (ECF No. 13). On April 17, 2018, the Court granted Chavez's motion to file certain exhibits under seal (ECF Nos. 16, 18). Then, on May 18, 2018, before respondents responded to the first amended petition, Guzman filed a Motion for Leave to File Second Amended Petition (ECF No. 19) and another Motion for Leave to File Exhibits Under Seal (ECF No. 20).

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. A petitioner may amend his habeas petition at any time with leave of court. See Fed. R. Civ. P. 15(2). "The court should freely give leave when justice so requires." *Id*. Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997

1

F.2d 604, 614 (9th Cir. 1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts commonly consider four factors – the so-called *Foman* factors – when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Prejudice to the opposing party is the most important of these factors. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.

Under the circumstances in this case, there is no indication of bad faith or undue delay on the part of Guzman, and there will be no prejudice to respondents if Guzman files a second amended petition. Respondents argue that the amendments proposed by Guzman will be futile because they render various of his claims unexhausted in state court. The Court does not, here, determine whether the amendments would result in unexhausted claims. Whether or not they do, the inclusion of unexhausted claims in a habeas petition is not necessarily futile. There is no showing that the amendments proposed by Guzman would be futile. The Court will grant the motion for leave to file a second amended petition, and will set a schedule for further proceedings in this action.

In Guzman's motion for leave to file an exhibit under seal (ECF No. 20), Guzman seeks to file under seal an exhibit that includes medical information regarding Guzman (Exhibit 33 (ECF No. 21)). There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, the court has inherent power over its own records and files, and access

2

may be denied where the court determines that the documents may be used for "improper purposes." *Nixon*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179; *see also* Fed. R. Civ. P. 5.2(d); LR IA 10-5. The document that Guzman seeks to file under seal contains private medical information. The Court finds that there is good cause for the exhibit to be filed under seal.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to File Second Amended Petition (ECF No. 19) is **GRANTED**. The Clerk shall separately file petitioner's Second Amended Petition for Writ of Habeas Corpus, which is currently on file at ECF No. 19-1.

**IT IS FURTHER ORDERED** that respondent shall have **60 days** from the date of this order to file an answer or other response to petitioner's second amended habeas petition. In all other respects, the schedule for further proceedings in the order entered October 2, 2017 (ECF No. 8) shall remain in effect.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 20) is **GRANTED**. Petitioner is granted leave of court to file his Exhibit Number 33 under seal. As that exhibit has already been filed under seal (ECF No. 21), no further action is necessary in this regard.

DATED THIS 18th day of June, 2018.

*Howard D. McKibben*
_____
HOWARD D. MCKIBBEN,
UNITED STATES DISTRICT JUDGE