UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARCO GUZMAN,

    Petitioner,

v.

ATTORNEY GENERAL, *et al.*,

    Respondents.

Case No. 3:17-cv-00515-HDM-CBC

**ORDER**

This action is a petition for writ of habeas corpus by Marco Guzman, a Nevada prisoner serving life prison sentences, with the possibility of parole, on convictions of one count of first-degree murder with use of a deadly weapon and one count of second-degree murder with use of a deadly weapon. *See* Second Amended Petition for Writ of Habeas Corpus (ECF No. 27). The respondents filed a motion to dismiss on August 14, 2018 (ECF No. 28). On November 29, 2018, Guzman, represented by appointed counsel, filed an opposition to the motion to dismiss (ECF No. 32), along with a motion for leave to conduct discovery (ECF No. 33). Respondents filed a reply in support of their motion to dismiss (ECF No. 38) and an opposition to the discovery motion (ECF No. 37) on January 22, 2019. Guzman then filed a reply in support of his discovery motion on February 11, 2019 (ECF No. 39).

In the motion to dismiss, the respondents contend that several of the claims in Guzman's second amended habeas petition (ECF No. 27) are unexhausted in state court, or, perhaps, technically exhausted but procedurally defaulted.

In response to the motion to dismiss, Guzman argues that certain of his claims are exhausted, but he concedes that several others have not been presented in state court. *See* Opposition to Motion to Dismiss (ECF No. 32), pp. 10-22. With respect to many of the claims that have not been presented in state court, Guzman argues that the

claims are technically exhausted but now procedurally barred in state court, and that he can overcome the procedural default. *See id.* at 16-22. As to other claims that have not been presented in state court – Grounds 1, 9, 10 and 11 of his second amended petition, it appears – Guzman indicates that he intends to seek a stay of this action so that he may return to state court to exhaust, or further exhaust, those claims. *See id.* at 1, 3, 22-28.

In his motion for leave to conduct discovery, Guzman seeks to conduct discovery relative to the merits of Grounds 9, 10 and 11, three of the claims that he intends to pursue further in state court. *See* Motion for Leave to Conduct Discovery (ECF No. 33). Guzman appears to request leave to conduct discovery regarding the merits of those claims in this Court, and then, after those discovery proceedings are concluded, seek a stay of this action so that he may return to state court to exhaust the claims. *See* Opposition to Motion to Dismiss (ECF No. 32), p. 2 ("Once Mr. Guzman has finished discovery and assembled all the facts in support of these claims, he would intend to request a *Rhines* stay so he can pursue those claims (and Ground One) in state court."). The Court will deny that request.

A habeas petitioner does not enjoy a presumptive entitlement to discovery in habeas cases. *See Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997); *see also* Rule 6, Rules Governing Section 2254 Cases (discovery available if good cause is shown). Here, where the three claims on which Guzman would conduct discovery are evidently unexhausted, in whole or in part, and where Guzman indicates that he intends to move for a stay so that he can further pursue those claims in state court, there is no showing of good cause to conduct the discovery requested by Guzman, at least not at this time. It is unclear at this point -- before the anticipated further state-court litigation -- whether, or to what extent, the three claims are procedurally viable. The Court will decline to allow discovery proceedings at this time regarding such claims. The Court, then, will deny the motion for discovery, without prejudice to Guzman renewing his request later in the case, if and when such discovery is appropriate.

Turning to the motion to dismiss, in the interest of conserving judicial resources and avoiding unnecessary delay, the Court will deny that motion without prejudice as well. In view of Guzman's intention to seek a stay of this action, and to further litigate claims in state court, the matter of the stay should be taken up forthwith. If a stay is granted, the procedural viability of all Guzman's claims – with regard to exhaustion, procedural default, timeliness, and any other procedural issue – can be better addressed when the state-court proceedings are completed and the stay lifted; it appears to the Court that this will be the better, more efficient, means of handling these issues. *See, e.g.*, Opposition to Motion to Dismiss (ECF No. 32), p. 28 ("Assuming the Court ultimately grants a *Rhines* stay, the question whether Ground One is currently exhausted may end up being academic."). If a stay is not granted, the Court will entertain a motion to dismiss, which may include the same arguments made by the respondents in their current motion to dismiss.

The Court will set a schedule for the filing and briefing of Guzman's motion for stay.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 28) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (ECF No. 33) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner will have 45 days from the date of this order to file a motion for stay. Respondents will have 30 days to respond to such motion, and then Petitioner will have 20 days to reply.

DATED THIS 19th day of February, 2019.

*Howard D. McKibben*
_____
HOWARD D. MCKIBBEN,
UNITED STATES DISTRICT JUDGE

3