UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCO GUZMAN,<br><br>　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL, *et al.*,<br><br>　　Respondents. | Case No. 3:17-cv-00515-HDM-CLB<br><br>**ORDER** |

This habeas corpus action, brought under 28 U.S.C. § 2254 by Marco Guzman, represented by appointed counsel, was stayed on June 6, 2019, pending Guzman's further state-court proceedings. *See* Order entered June 6, 2019 (ECF No. 44).

On December 30, 2020, Guzman filed a motion to lift the stay (ECF No. 46), stating that the state-court proceedings have been completed. Respondents do not oppose that motion. *See* Respondents' Notice of Non-Opposition (ECF No. 52). The Court will grant Guzman's motion to lift the stay and will set a schedule for further proceedings.

On December 30, 2020, Guzman also filed a motion for leave to file a third amended petition (ECF No. 47). Guzman states that "[t]he primary purpose of the new petition is to update the procedural history, the statements of exhaustion, and other details to reflect the new state court proceedings." Motion for Leave to File Third Amended Petition (ECF No. 47), p. 2. Guzman's proposed third amended petition is attached to his motion (ECF No. 47-1). On January 13, 2021, Respondents filed a motion for an extension of time to respond to the motion for leave to file the third amended petition (ECF No. 53). The Court will deny the motion for extension of time and will grant the motion for leave to file the third amended petition. Federal Rules of Civil Procedure 15(a)(2) provides that leave to amend a pleading is to be freely given

when justice so requires. This standard is applied with "extreme liberality" in favor of amendment. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). There is plainly good cause for Guzman to file the third amended petition; none of the four factors that could be reason to deny a motion for leave to amend--"undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party" (*see id.* at 980)—is remotely applicable.

On December 30, 2020, Guzman also filed a motion for leave to file an exhibit under seal (ECF No. 50). By that motion, Guzman requests leave of court to file under seal his Exhibit 56, which contains medical records concerning Guzman. Respondents did not respond to that motion. There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, a federal court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for "improper purposes." *Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179. The Court finds that there is good cause for Guzman's Exhibit 56 to be filed under seal. Guzman's motion will be granted.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reopen (ECF No. 46) is **GRANTED**. The stay of this action is lifted. The Clerk of the Court is directed to reopen this case.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Third Amended Petition for Writ of Habeas Corpus (ECF No. 47) is **GRANTED**. The Clerk of the Court is directed to separately file Petitioner's Third Amended Petition for Writ of Habeas Corpus, located at ECF No. 47-1.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Exhibit Under Seal (ECF No. 50) is **GRANTED**. As the subject exhibit (Exhibit 56) has already been filed under seal (ECF No. 51), no further action is necessary in this regard.

**IT IS FURTHER ORDERED** that Respondents' Motion for Enlargement of Time (ECF No. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that the following schedule will govern further proceedings in this action:

1. Response to Petition.  Respondents will have 90 days from the date of his order to file an answer or other response to the third amended habeas petition.

2. Reply and Response to Reply.  Petitioner will have 60 days following service of an answer to file a reply. Respondents will thereafter have 30 days following service of a reply to file a response to the reply.

3. Briefing of Motion to Dismiss.  If Respondents file a motion to dismiss, Petitioner will have 60 days following service of the motion to file a response to the motion. Respondents will thereafter have 30 days following service of the response to file a reply.

4. Discovery.  If Petitioner wishes to move for leave to conduct discovery, Petitioner shall file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

5. Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner shall file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing

is necessary and must satisfy the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents shall file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 19th day of January, 2021.

HOWARD D. MCKIBBEN,
UNITED STATES DISTRICT JUDGE