UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARCO GUZMAN,

    Petitioner,

v.

ATTORNEY GENERAL, *et al.*,

    Respondents.

Case No. 3:17-cv-00515-HDM-CLB

**ORDER**

I.   **SUMMARY**

This action is a petition for a writ of habeas corpus by Marco Guzman, an individual incarcerated at Nevada's High Desert State Prison. Guzman is represented by appointed counsel. Respondents have filed a motion to dismiss. Guzman filed an opposition to the motion to dismiss, as well as a related motion for leave to conduct discovery. The Court will deny Respondents' motion to dismiss and Guzman's motion for leave to conduct discovery and will set a schedule for Respondents to file an answer.

II.   **BACKGROUND**

Guzman was convicted in 2012, following a jury trial, in Nevada's Eighth Judicial District Court (Clark County), of one count of second-degree murder with use of a deadly weapon and one count of first-degree murder with use of a deadly weapon. *See* Judgment of Conviction, Exh. 15 (ECF No. 14-15). For the second-degree murder, Guzman was sentenced to life in prison with the possibility of parole after 120 months plus a consecutive term of 12 to 240 months for use of the deadly weapon; for the first-degree murder, he was sentenced to life in prison with the possibility of parole after 240 months plus a consecutive term of 12 to 240 months for use of the deadly weapon. *See*

1

id. The sentences for the two murders are to be served consecutively. *See id*. The judgement of conviction was filed on December 10, 2012. *See id*.

Guzman appealed. *See* Appellant's Opening Brief, Exh. 16 (ECF No. 14-16); Appellant's Reply Brief, Exh. 18 (ECF No. 15-2). The Nevada Supreme Court affirmed on October 29, 2014. *See* Order of Affirmance, Exh. 19 (ECF No. 15-3).

On December 16, 2014, Guzman filed a counseled petition for writ of habeas corpus in the state district court. Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5). The court conducted an evidentiary hearing (*see* Transcript, Exh. 74 (ECF No. 24-41)) and denied Guzman's petition in a written order filed February 10, 2016. *See* Findings of Fact, Conclusions of Law and Order, Exh. 25 (ECF No. 15-9, pp. 3–7). Guzman appealed. *See* Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). The Nevada Supreme Court affirmed the denial of Guzman's petition on June 15, 2017. *See* Order of Affirmance, Exh. 29 (ECF No. 15-13).

This Court received from Guzman a pro se petition for writ of habeas corpus (ECF No. 4), initiating this action, on August 25, 2017. The Court granted Guzman's motion for appointment of counsel and appointed counsel to represent him. *See* Order entered August 31, 2017 (ECF No. 3). With counsel, Guzman filed a first amended petition for writ of habeas corpus on April 2, 2018 (ECF No. 13) and a second amended petition on June 18, 2018 (ECF No. 27). Respondents filed a motion to dismiss Guzman's second amended petition (ECF No. 28), and Guzman filed a related motion for leave to conduct discovery (ECF No. 33). Both of those motions were denied without prejudice after Guzman indicated his intention to request a stay of the action to further exhaust claims in state court. *See* Order entered February 19, 2019 (ECF No. 40). Guzman filed a motion for stay (ECF No. 41), and the Court granted that motion and stayed the action on June 6, 2019, pending state-court proceedings. *See* Order entered June 6, 2019 (ECF No. 44).

On May 10, 2019, Guzman filed a petition for writ of habeas corpus in the state district court, initiating a second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37 (ECF No. 48-1). On August 13, 2019, the court denied Guzman's petition, ruling that all his claims were procedurally barred. *See* Findings of Fact, Conclusions of Law, and Order, Exh. 43 (ECF No. 48-7). Guzman appealed. *See* Appellant's Opening Brief, Exh. 45 (ECF No. 48-9); Appellant's Reply Brief, Exh. 47 (ECF No. 48-11). On November 3, 2020, the Nevada Supreme Court affirmed. *See* Order of Affirmance, Exh. 53 (ECF No. 48-17).

On January 19, 2021, the stay of this action was then lifted (ECF No. 54), and Guzman filed a third amended petition for writ of habeas corpus (ECF No. 55). Guzman's third amended habeas petition, now his operative petition, includes the following claims:

> Ground 1: Guzman's federal constitutional rights were violated because "[t]rial counsel conceded Mr. Guzman was guilty of second degree murder."
>
> Ground 2: Guzman's federal constitutional rights were violated because the State presented insufficient evidence to convict him of murder.
>
>> Ground 2A: "Mr. Guzman is guilty only of voluntary manslaughter" for the killing of Anthony Dickerson ("Tony").
>>
>> Ground 2B: "Mr. Guzman is guilty only of voluntary manslaughter" for the killing of Tameron Clewis ("Tammy").
>
> Ground 3: Guzman's federal constitutional rights were violated on account of ineffective assistance of counsel because his appellate counsel "fail[ed] to argue the State presented insufficient evidence to convict Mr. Guzman of first degree murder regarding Tammy."
>
> Ground 4: Guzman's federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel failed to seek directed verdicts.
>
> Ground 5: Guzman's federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel "conced[ed] Mr. Guzman was guilty of second degree murder."
>
> Ground 6: Guzman's federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel failed to consult with and hire expert witnesses.

>Ground 6A: "Trial counsel should've called a physician to discuss Mr. Guzman's hand injury."
>
>Ground 6B: "Trial counsel should've called a self-defense expert."
>
>Ground 6C: "Trial counsel should've called an expert regarding meth."

Ground 7: Guzman's federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel failed to challenge Jury Instruction 26.

Ground 8: Guzman's federal constitutional rights were violated because "[j]ury instruction 26 was fundamentally unfair."

Ground 9: Guzman's federal constitutional rights were violated because "[t]rial counsel failed to communicate a favorable plea offer to Mr. Guzman."

Ground 10: Guzman's federal constitutional rights were violated because "[t]he State failed to disclose material exculpatory information regarding its key witness and allowed that witness to testify falsely."

Ground 11: Guzman's federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel "fail[ed] to investigate and present evidence regarding whether the State extended a favorable deal to a witness."

Third Amended Petition for Writ of Habeas Corpus (ECF No. 55), pp. 10–30.

Respondents filed their motion to dismiss on July 27, 2021 (ECF No. 63), contending that all of Guzman's claims are procedurally defaulted and that Ground 9 is inadequately pled and conclusory. Guzman filed an opposition to the motion to dismiss (ECF No. 69) and a motion for leave to conduct discovery (ECF No. 70).

Under the scheduling order in the case (ECF No. 54), Respondents originally had 30 days to file a reply in support of their motion to dismiss and a response to the motion for leave to conduct discovery. Respondents filed a motion for extension of that deadline, requesting an additional 33 days, stating generally that the extension was necessary because of the "demands of [counsel's] current caseload" (ECF No. 71). The Court granted that motion for extension of time in part; the Court found that, under the circumstances the 33 days requested was excessive, and the Court granted Respondents a 25-day extension, to February 14, 2022 (ECF No. 72). That order stated that this briefing schedule would not be further extended (ECF No. 72, p. 2). On

February 14, 2022, Respondents filed another motion for extension of time (ECF No. 73). Without mentioning the warning given by the Court in the previous order, Respondents' counsel requests another 14 days, stating she needs this extension because she is "currently ill" and was unable to complete the reply regarding the motion to dismiss and the response to the discovery motion by February 14, and adding that the 14-day extension she requests may not be enough (ECF No. 73, p. 4). The Court will deny the motion for extension of time. The Court has examined Respondents' motion to dismiss and Guzman's motion for leave to conduct discovery and determines that further briefing is unnecessary. The Court denies the motion to dismiss in all respects. With six exceptions, the Court's ruling on the defenses asserted by Respondents—that all Guzman's claims are procedural default and that one of his claims fails because it is inadequately pled and conclusory—is deferred until after Respondents file an answer and Guzman a reply. The exceptions involve the question of the procedural default of the claims in Grounds 1, 2A, 5, 6A, 6B and 6C; the Court determines, from the record and without need for further briefing, that those claims are not procedurally defaulted because they were ruled upon by the Nevada Supreme Court on their merits. The Court denies Guzman's motion for leave to conduct discovery, without prejudice, in all respects.

### III.     DISCUSSION

#### A.     Procedural Default – Legal Standards

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a

> result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted). A discretionary state procedural rule can serve as an adequate ground to bar federal habeas review because, even if discretionary, it can still be "firmly established" and "regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009). Also, a rule is not automatically inadequate "upon a showing of seeming inconsistencies" given that a state court must be allowed discretion "to avoid the harsh results that sometimes attend consistent application of an unyielding rule." *Walker v. Martin*, 562 U.S. 307, 320 (2011).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural

6

default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*. at 8.

### B.    Ground 1

In Ground 1, Guzman claims that his federal constitutional rights were violated because "[t]rial counsel conceded Mr. Guzman was guilty of second degree murder." Third Amended Petition (ECF No. 55), pp. 10–12. Guzman claims that the concession by his trial counsel violated his federal constitutional rights under the United States Supreme Court's holding in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018). *See id*.

Guzman did not assert this claim, as a claim under *McCoy* as opposed to an ineffective assistance of counsel claim, on his direct appeal or in his first state habeas action. *See* Appellant's Opening Brief, Exh. 16 (ECF No. 14-16); Appellant's Reply Brief, Exh. 18 (ECF No. 15-2); Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). He did assert this claim, under *McCoy*, in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, pp. 17–20 (ECF No. 48-1, pp. 18–21); Appellant's Opening Brief, Exh. 45, pp. 11–33 (ECF No. 48-9, pp. 24–46). The Nevada Supreme Court ruled the claim barred by the Nevada law of the case doctrine. Order of Affirmance, Exh. 53, pp. 1–2 (ECF No. 48-27, pp. 2–3).

Guzman argues that this claim is not procedurally defaulted because the ruling of the Nevada Supreme Court on the claim, in his second state habeas action, was based

on interwoven state and federal law. *See* Opposition to Motion to Dismiss (ECF No. 69), pp. 2–4.

The Court agrees that the claim in Ground 1 is not procedurally defaulted, but for a reason slightly different from that articulated by Guzman: the claim was ruled upon by the Nevada Supreme Court on its merits. In its ruling on this claim on the appeal in Guzman's second state habeas action, the Nevada Supreme Court looked back to a conclusion it reached in ruling on Guzman's related ineffective assistance of counsel claim on the appeal in Guzman's first state habeas action—that "counsel did not concede that Guzman was guilty of second-degree murder"—and ruled that under the Nevada law of the case doctrine, Guzman's claim based on *McCoy*, in his second state habeas action, therefore failed. *See* Order of Affirmance, Exh. 53, pp. 1–2 (ECF No. 48-27, pp. 2–3). This amounted to a ruling on the merits of the claim, and, consequently, the claim is not barred in this action under the procedural default doctrine.

**C.    Ground 2A**

In Ground 2A, Guzman claims that there was insufficient evidence presented at trial to convict him of second-degree murder for the killing of Anthony Dickerson ("Tony"). Third Amended Petition (ECF No. 55), pp. 12–14. This claim is not procedurally defaulted, as Guzman asserted it on his direct appeal, and the Nevada Supreme Court ruled on its merits. *See* Appellant's Opening Brief, Exh. 16, pp. 18–19 (ECF No. 14-16, pp. 24–25); Order of Affirmance, Exh. 19, p. 2 (ECF No. 15-3, p. 3).

**D.    Ground 2B**

In Ground 2B, Guzman claims that there was insufficient evidence presented at trial to convict him of first-degree murder for the killing of Tameron Clewis ("Tammy"). Third Amended Petition (ECF No. 55), p. 15.

Guzman did not assert this claim on his direct appeal or in his first state habeas action. *See* Appellant's Opening Brief, Exh. 16 (ECF No. 14-16); Appellant's Reply Brief, Exh. 18 (ECF No. 15-2); Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10);

1  Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). He did, though, assert this claim in
2  his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, pp.
3  20, 22–23 (ECF No. 48-1, pp. 21, 23–24); Appellant's Opening Brief, Exh. 45, pp. 53–62
4  (ECF No. 48-9, pp. 66–75). The Nevada Supreme Court ruled the claim procedurally
5  barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

6  Guzman argues that he can show cause and prejudice relative to the procedural
7  default of this claim because of ineffective assistance of his trial counsel, his counsel on
8  his direct appeal, and his counsel in his first state habeas action, for not asserting this
9  claim. *See* Opposition to Motion to Dismiss (ECF No. 69), pp. 11–13. The Court
10 determines that the issue of the procedural default of this claim is intertwined with the
11 merits of the claim, such that it will be better addressed in conjunction with the merits of
12 Guzman's petition, after Respondents file an answer and Guzman files a reply. The
13 Court also determines that further briefing is warranted with respect to Guzman's
14 argument that there should be an exception to the rule of *Davila v. Davis*, 137 S. Ct.
15 2058 (2017) (*Martinez* does not apply to claims of ineffective assistance of direct appeal
16 counsel) for cases where direct appeal counsel also represents the petitioner in his
17 state post-conviction proceedings; in his further briefing, Guzman should cite whatever
18 authority there is for this proposition. The Court, then, will deny the motion to dismiss as
19 to Ground 2B, without prejudice to Respondents asserting the procedural default
20 defense to the claim in their answer.

21 **E.     Ground 3**

22 In Ground 3, Guzman claims that his federal constitutional rights were violated on
23 account of ineffective assistance of counsel because his appellate counsel "fail[ed]
24 to argue the State presented insufficient evidence to convict Mr. Guzman of first degree
25 murder regarding Tammy." Third Amended Petition (ECF No. 55), pp. 15–16.

26 Guzman did not assert this claim in his first state habeas action. *See* Petition for
27 Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening
28 Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). He

9

did, though, assert this claim in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, pp. 23–24 (ECF No. 48-1, pp. 24–25); Appellant's Opening Brief, Exh. 45, pp. 53–62 (ECF No. 48-9, pp. 66–75). The Nevada Supreme Court ruled the claim procedurally barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

Guzman argues that he can show cause and prejudice relative to the procedural default of this claim because of ineffective assistance of his counsel on his direct appeal, and his counsel in his first state habeas action, for not asserting this claim. *See* Opposition to Motion to Dismiss (ECF No. 69), pp. 11–13. The Court determines that the issue of the procedural default of this claim is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. Also, here again, further briefing is warranted with respect to Guzman's argument that there should be an exception to the rule of *Davila v. Davis*, 137 S. Ct. 2058 (2017) (*Martinez* does not apply to claims of ineffective assistance of direct appeal counsel) for cases where direct appeal counsel also represents the petitioner in his state post-conviction proceedings. The Court will deny the motion to dismiss as to Ground 3 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

**F.     Ground 4**

In Ground 4, Guzman claims that his federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel failed to seek directed verdicts. Third Amended Petition (ECF No. 55), p. 17.

Guzman did not assert this claim in his first state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). Guzman did assert this claim in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, p. 24 (ECF No. 48-1, p. 25); Appellant's Opening Brief, Exh. 45, pp. 53–62 (ECF No. 48-9, pp. 66–75). The Nevada Supreme Court ruled the claim

procedurally barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

Guzman argues that he can show cause and prejudice relative to the procedural default of this claim, under *Martinez*, because of ineffective assistance of his counsel in his first state habeas action, for not asserting this claim. *See* Opposition to Motion to Dismiss (ECF No. 69), p. 15. The Court determines that the issue of the procedural default of this claim is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. The Court will deny the motion to dismiss as to Ground 4 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

### G.   Ground 5

In Ground 5, Guzman claims that his federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel "conced[ed] Mr. Guzman was guilty of second degree murder." Third Amended Petition (ECF No. 55), pp. 17–18. This claim is not procedurally defaulted, as Guzman asserted it on the appeal in his first state habeas action, and the Nevada Supreme Court ruled on its merits. *See* Appellant's Opening Brief, Exh. 26, pp. 25–31 (ECF No. 15-10, pp. 31–37); Order of Affirmance, Exh. 29, pp. 1–2 (ECF No. 15-13, pp. 2–3).

### H.   Grounds 6A, 6B and 6C

In Grounds 6A, 6B and 6C, Guzman claims that his federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel failed to consult with and hire a physician to testify about his hand injury, a self-defense expert, and an expert regarding methamphetamine. Third Amended Petition (ECF No. 55), pp. 18–23. These claims are not procedurally defaulted, as Guzman asserted them on the appeal in his first state habeas action, and the Nevada Supreme Court ruled on their merits. *See* Appellant's Opening Brief, Exh. 26, pp. 18–25 (ECF No. 15-10, pp. 24–31); Order of Affirmance, Exh. 29, pp. 2–3 (ECF No. 15-13, pp. 3–4). Guzman also

asserted the claim in Ground 6A on the appeal in his second state habeas action, proffering new evidence in support of the claim, and the Nevada Supreme Court again discussed the merits of the claim, and denied relief on it. *See* Appellant's Opening Brief, Exh. 45, pp. 33–39 (ECF No. 48-9, pp. 46–52); Order of Affirmance, Exh. 53, p. 2 (ECF No. 48-17, p. 3).

### I.     Ground 7

In Ground 7, Guzman claims that his federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel failed to challenge Jury Instruction 26. Third Amended Petition (ECF No. 55), pp. 23–25. Guzman takes issue with the part of Jury Instruction 26 that stated: "An honest but unreasonable belief in the necessity for self-defense does not negate malice and does not reduce the offense from murder to manslaughter." *See id*.; *see also* Jury Instruction 26, Exh. 61 (ECF No. 24-28, p. 27).

Guzman did not assert this claim in his first state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). Guzman did assert this claim in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, pp. 29–31 (ECF No. 48-1, pp. 30–32); Appellant's Opening Brief, Exh. 45, pp. 53–64 (ECF No. 48-9, pp. 66–77). The Nevada Supreme Court ruled the claim procedurally barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

Guzman argues that he can show cause and prejudice relative to the procedural default of this claim, under *Martinez*, because of ineffective assistance of his counsel in his first state habeas action, for not asserting this claim. *See* Opposition to Motion to Dismiss (ECF No. 69), pp. 15–17. The Court determines that the issue of the procedural default of this claim is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. The Court will deny the motion to dismiss as to

Ground 7 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

### J.     Ground 8

In Ground 8, Guzman claims that his federal constitutional rights were violated because "[j]ury instruction 26 was fundamentally unfair." Third Amended Petition (ECF No. 55), p. 25.

Guzman did not assert this claim in his first state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). Guzman did assert this claim in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, p. 31 (ECF No. 48-1, p. 32); Appellant's Opening Brief, Exh. 45, pp. 53–64 (ECF No. 48-9, pp. 66–77). The Nevada Supreme Court ruled the claim procedurally barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

Guzman argues that he can show cause and prejudice relative to the procedural default of this claim because of ineffective assistance of his trial counsel, his counsel on his direct appeal, and his counsel in his first state habeas action, for not asserting this claim. *See* Opposition to Motion to Dismiss (ECF No. 69), p. 17. The Court determines that the issue of the procedural default of this claim is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. Moreover, here again, further briefing is warranted with respect to Guzman's argument that there should be an exception to the rule of *Davila v. Davis*, 137 S. Ct. 2058 (2017) (*Martinez* does not apply to claims of ineffective assistance of direct appeal counsel) for cases where direct appeal counsel also represents the petitioner in his state post-conviction proceedings. The Court will deny the motion to dismiss as to Ground 8 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

**K.     Ground 9**

In Ground 9, Guzman claims that his federal constitutional rights were violated because "[t]rial counsel failed to communicate a favorable plea offer to Mr. Guzman." Third Amended Petition (ECF No. 55), p. 26.

Guzman did not assert this claim in his first state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). Guzman did assert this claim in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, p. 31 (ECF No. 48-1, p. 32); Appellant's Opening Brief, Exh. 45, pp. 53–65 (ECF No. 48-9, pp. 66–78). The Nevada Supreme Court ruled the claim procedurally barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

Guzman argues that he may be able to show cause and prejudice relative to the procedural default of this claim, under *Martinez*, because of ineffective assistance of his counsel in his first state habeas action, for not asserting this claim. *See* Opposition to Motion to Dismiss (ECF No. 69), pp. 17–19. The Court determines that the issue of the procedural default of this claim is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. The Court will deny the motion to dismiss as to Ground 9 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

Respondents also argue that the claim in Ground 9 is inadequately pled and conclusory, and that it should be dismissed on that additional ground. *See* Motion to Dismiss (ECF No. 63), pp. 8–10. The Court determines that this issue is also closely related to the question of the merits of the claim, such that it too will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. The motion to dismiss as to Ground 9 is denied without prejudice to Respondents asserting this argument in their answer.

Guzman requests leave of court to conduct discovery with respect to this claim. *See id.*; Motion for Leave to Conduct Discovery (ECF No. 70), pp. 7–9. The Court will deny that request without prejudice. The Court denies the motion to dismiss with respect to Ground 9 without need for factual development at this time. The discovery Guzman requests concerns the merits of this claim. *See id.* In the Court's view, therefore, it will be more appropriate, and efficient, for any such request for leave to conduct this discovery to be presented in conjunction with the full briefing of the merits of the claim. Under the scheduling order in this case, Guzman may file a motion for leave to conduct discovery concurrently with, but separate from, his reply to Respondents' answer. *See* Order entered January 19, 2021 (ECF No. 54), p. 3. The denial of Guzman's request for leave to conduct discovery, here, in relation to the motion to dismiss, is without prejudice to Guzman filing a motion for leave to conduct this same discovery when he replies to Respondents' answer, as described in the scheduling order.

    **L.**    **Ground 10**

In Ground 10, Guzman claims that his federal constitutional rights were violated because "[t]he State failed to disclose material exculpatory information regarding its key witness and allowed that witness to testify falsely." Third Amended Petition (ECF No. 55), pp. 26–30.

Guzman did not assert this claim on his direct appeal or in his first state habeas action. *See* Appellant's Opening Brief, Exh. 16 (ECF No. 14-16); Appellant's Reply Brief, Exh. 18 (ECF No. 15-2); Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). He did, though, assert this claim in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, pp. 32–35 (ECF No. 48-1, pp. 33–36); Appellant's Opening Brief, Exh. 45, pp. 42–53 (ECF No. 48-9, pp. 55–66). The Nevada Supreme Court ruled the claim procedurally barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

Citing *Banks v. Dretke*, 540 U.S. 668, 691–98 (2004), and *Paradis v. Arave*, 130 F.3d 385, 394 (9th Cir. 1997), Guzman argues that he can show cause and prejudice regarding the procedural default of this claim, because "the merits of the claim will provide the cause and prejudice." *See* Opposition to Motion to Dismiss (ECF No. 69), p. 19. The Court determines that the issue of the procedural default of this claim is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. The Court will deny the motion to dismiss as to Ground 10 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

As with Ground 9, Guzman requests leave of court to conduct discovery with respect to this claim. *See id*.; Motion for Leave to Conduct Discovery (ECF No. 70), pp. 5–7. The Court will deny that request without prejudice. The Court denies the motion to dismiss with respect to Ground 10 without need for factual development at this time. The discovery Guzman requests concerns the merits of this claim. *See id*. It will be more appropriate, and efficient, for any such request for leave to conduct this discovery to be presented in conjunction with the full briefing of the merits of the claim. Under the scheduling order in this case, Guzman may file a motion for leave to conduct discovery concurrently with, but separate from, his reply to Respondents' answer. *See* Order entered January 19, 2021 (ECF No. 54), p. 3. The denial of Guzman's request for leave to conduct discovery in relation to the motion to dismiss is without prejudice to Guzman filing a motion for leave to conduct this same discovery when he replies to Respondents' answer, as described in the scheduling order.

### M.     Ground 11

In Ground 11, Guzman claims that his federal constitutional rights were violated on account of ineffective assistance of counsel because his trial counsel "fail[ed] to investigate and present evidence regarding whether the State extended a favorable deal to a witness." Third Amended Petition (ECF No. 55), p. 30.

Guzman did not assert this claim in his first state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 21 (ECF No. 15-5); Appellant's Opening Brief, Exh. 26 (ECF No. 15-10); Appellant's Reply Brief, Exh. 28 (ECF No. 15-12). Guzman did assert this claim in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 37, p. 35 (ECF No. 48-1, p. 36); Appellant's Opening Brief, Exh. 45, pp. 42–53 (ECF No. 48-9, pp. 55–66). The Nevada Supreme Court, however, ruled the claim procedurally barred on that appeal. *See* Order of Affirmance, Exh. 53, p. 3 (ECF No. 48-17, p. 4).

Guzman argues that he may be able to show cause and prejudice relative to the procedural default of this claim, under *Martinez*, because of ineffective assistance of his counsel in his first state habeas action, for not asserting this claim. *See* Opposition to Motion to Dismiss (ECF No. 69), pp. 19–20. The Court determines that the issue of the procedural default of this claim is intertwined with the merits of the claim, such that it will be better addressed in conjunction with the merits of Guzman's petition, after Respondents file an answer and Guzman files a reply. The Court will deny the motion to dismiss as to Ground 11 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

With respect to this claim too, Guzman requests leave of court to conduct discovery. *See id.*; Motion for Leave to Conduct Discovery (ECF No. 70), pp. 5–7. The Court will deny that request without prejudice. The Court denies the motion to dismiss with respect to Ground 11 without need for factual development at this time. The discovery Guzman requests concerns the merits of this claim. *See id.* It will be more appropriate, and efficient, for any such request for leave to conduct this discovery to be presented in conjunction with the full briefing of the merits of the claim. Under the scheduling order in this case, Guzman may file a motion for leave to conduct discovery concurrently with, but separate from, his reply to Respondents' answer. *See* Order entered January 19, 2021 (ECF No. 54), p. 3. The denial of Guzman's request for leave to conduct discovery in relation to the motion to dismiss is without prejudice to Guzman

filing a motion for leave to conduct this same discovery when he files a reply to Respondents' answer, as described in the scheduling order.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Enlargement of Time (ECF No. 73) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (ECF No. 70) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have 120 days from the date of this order to file an answer.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered January 19, 2021 (ECF No. 54) will remain in effect.

DATED THIS 24th day of February, 2022.

*/s/ Howard D. McKibben*
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE