UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARCO GUZMAN,

    Petitioner,

    v.

CALVIN JOHNSON, *et al.*,

    Respondents.

Case No. 3:17-cv-00515-HDM-CLB

**ORDER**

    In this habeas corpus action, after a 120-day period following the resolution of the respondents' motion to dismiss, a 60-day extension of time, a 45-day extension of time, and a 34-day extension of time, Respondents were due to file an answer by November 10, 2022. *See* Order entered February 24, 2022 (ECF No. 74) (resolving motion to dismiss); Order entered June 27, 2022 (ECF No. 76) (60-day extension); Order entered August 24, 2022 (ECF No. 78) (45-day extension); Order entered October 13, 2022 (ECF No. 80) (34-day extension). The order granting the last of those extensions of time stated, with emphasis: "*the Court will not be inclined to further extend this deadline absent extraordinary circumstances.*" Order entered October 13, 2022 (ECF No. 80), p. 1.

    On November 10, 2022, Respondents filed a motion for extension of time (ECF No. 81), requesting a further 7-day extension of time, to November 17, 2022, and on November 18, 2022, Respondents filed yet another motion for extension of time (ECF No. 82), requesting that the deadline be extended, by another 15 days, to December 2, 2022.

    In the November 10, motion for extension of time, Respondents' counsel did not assert that extraordinary circumstances necessitated the extension of time. Rather, Respondents' counsel stated only that on the day the answer was due she "noticed two significant errors, which require[d] [her] to expend additional time and effort to resolve."

Motion for Extension of Time (ECF No. 81), pp. 2–3. Counsel stated that she hoped to file the answer the next day, but "request[ed] an additional week to rectify the error in an abundance of caution." *Id*. at 3. Counsel stated that the petitioner, Marco Guzman, represented by appointed counsel, did not oppose that motion for extension of time. *Ibid*.

Respondents, however, did not file their answer by the November 17 due date they suggested, but, rather, filed another motion for extension of time on November 18, requesting that the deadline be extended by another 15 days, to December 2. Motion for Extension of Time (ECF No. 82). In that motion, Respondents still did not mention the Court's warning that it would not be inclined to extend this deadline absent extraordinary circumstances. *See id.* Rather, Respondents sought to excuse the filing of the motion for extension of time a day after the deadline they had requested in the prior motion for extension of time. *See* Fed. R. Civ. P. 6(b); LR IA 6-1. Attached to the motion for extension of time is a declaration of the Chief Deputy of the Nevada Attorney General's Post-Conviction Division, stating that Respondents' counsel was busy during the week of November 14, was "battling severe flu symptoms," was "unable to sleep for several days," became violently ill on November 17, and "fell asleep and did not wake up until after 1:00 p.m. on November 18, 2022." *See* Motion for Extension of Time (ECF No. 82), p. 5. The Chief Deputy states further that Respondents' counsel "planned to travel for the Thanksgiving holiday [but] may postpone her plans due to her illness." *Id*. The Chief Deputy states that Respondents' counsel "does not intend to be back in the office until November 30, either following her annual leave or after she has allowed her body to heal from her recent illness." *Ibid*. Finally, the Chief Deputy states that Respondents' counsel "will finish her answer by December 2, 2022." *Ibid*.

Under these circumstances, the Court will grant both motions for extensions of time, and will extend to December 2, 2022, the time for Respondents to file their answer. The Court will do so in the interests of justice—that is, to resolve this action on the merits of the petitioner's claims, with the benefit of an answer from the respondents.

While the Court cannot grant a default judgment based upon Respondents' failure to file an answer responding to each of the petitioner's claims, the Court knows of no authority preventing the Court from addressing the merits of a habeas petitioner's claims, and resolving the petition on its merits, without the benefit of an answer, if the respondents fail to file an answer. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("Here, the magistrate simply resolved the five claims against Gordon without need of any response from the respondent.").

**IT IS THEREFORE ORDERED** that Respondents' Motions for Enlargement of Time (ECF Nos. 81 and 82) are **GRANTED**. Respondents will have until and including **December 2, 2022**, to file their answer. In all other respects, the schedule for further proceedings set forth in the order entered January 19, 2021 (ECF No. 54) will remain in effect.

DATED THIS 21st day of November, 2022.

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE