# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARCO GUZMAN, | Case No. 3:17-cv-00515-HDM-CLB |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

In this habeas corpus action, on June 5, 2023, the petitioner, Marco Guzman, represented by appointed counsel, filed a reply to the respondents' answer (ECF No. 92), a motion for leave to conduct discovery (ECF No. 93), and a motion for evidentiary hearing (ECF No. 94). Then, under the scheduling order in the case (ECF No. 54), Respondents had 30 days—until July 5, 2023—to file responses to Guzman's reply, his motion for leave to conduct discovery, and his motion for evidentiary hearing. On July 5, 2023, on a motion by Respondents, the Court extended that deadline by 75 days, to September 18, 2023 (ECF No. 96). In that order, the Court stated with emphasis that it would not further extend that deadline.

On September 18, 2023, Respondents filed a motion for extension of time (ECF No. 97) requesting a 2-day extension of time—to September 20, 2023—for their responses to Guzman's reply and motions. On September 20, 2023, Respondents filed their responses to Guzman's motions (ECF Nos. 98, 99), but not their response to his reply. On September 21, 2023 (a day after the date contemplated in their motion for extension of time), Respondents filed a motion for extension of time (ECF No. 100) asking for another two days—to September 22, 2023—to file their response to Guzman's reply. But Respondents did not file the response to Guzman's reply by September 22, 2023, nor did they file another motion for extension of time by that date. Rather, on September 25, 2023, Respondents filed a further motion for extension of

time (ECF No. 101), this time requesting a 7-day extension, to September 29, 2023, for their response to Guzman's reply. On September 29, 2023, Respondents finally filed their response to Guzman's reply.

On October 10, 2023, Guzman timely filed replies to Respondents' responses to his motion for leave to conduct discovery and motion for evidentiary hearing (ECF Nos. 103, 104).

The Court cannot countenance Respondents' handling of the deadlines for his response to Guzman's reply and responses to Guzman's motion for leave to conduct discovery and motion for evidentiary hearing. Their serial motions for extensions of time, and failure to comply with the July 5, 2023, order, or even the due dates proposed in their own motions for extensions of time, caused delay and waste of resources.

The Court will, however, grant Respondents' three pending motions for extensions of time and will treat their responses to Guzman's reply and motions as timely filed. The Court does so only in the interest of justice—so that the habeas petition in this case will be resolved on its merits, without any penalty imposed on the State on account of Respondents' counsel's performance.

**IT IS THEREFORE ORDERED** that Respondents' Motions for Enlargements of Time (ECF Nos. 97, 100, 101) are **GRANTED**. Respondents' response to Petitioner's reply (ECF No. 102), response to Petitioner's motion for leave to conduct discovery (ECF No. 98), and response to Petitioner's motion for evidentiary hearing (ECF No. 99) will be treated as timely filed.

DATED THIS 12th day of October, 2023.

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE